UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN VASHAUN MCKINLEY, <br><br> Plaintiff, <br><br> v. <br><br> STANISH, <br><br> Defendant. | CIVIL ACTION NO. 3:21-CV-00960 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

*Pro se* Plaintiff Kevin Vashaun McKinley ("McKinley"), an inmate incarnated at the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"), initiated this action by filing a complaint in the United States District Court for the Eastern District of Pennsylvania on May 27, 2021, against Dr. Stanish based on treatment allegedly provided by Dr. Stanish at SCI-Frackville. (Doc. 2; Doc. 11). On May 27, 2021, the action was transferred to the Middle District. (Doc. 5). On May 16, 2022, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 22). For the reasons provided herein, McKinley's amended complaint will be **DISMISSED** and the Clerk of Court will be directed to **CLOSE** this case. (Doc. 11).

**I. BACKGROUND AND PROCEDURAL HISTORY**

On May 24, 2021, McKinley initiated the present action against Dr. Stanish by filing a complaint in the Eastern District of Pennsylvania for allegedly rendering medical care in violation of McKinley's Eighth Amendment rights. (Doc. 2). On May 27, 2021, the action was transferred to the Middle District. (Doc. 5). On June 28, 2021, McKinley filed an amended complaint and a motion to proceed *in forma pauperis*. (Doc. 9; Doc. 11). On August 13, 2020, after conducting its statutorily-mandated screening of the complaint in accordance

with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the Court directed the clerk's office to serve the amended complaint and granted McKinley's motion for leave to proceed *in forma pauperis*, ordering McKinley to pay the full filing fee. (Doc. 13, at 1-2). McKinley paid the full filing fee in the total amount of $402.00 by filing three separate payments on September 13, 2022, October 8, 2021, and November 8, 2021.

On November 24, 2021, McKinley filed a request for entry of default and a motion for default judgment. (Doc. 15; Doc. 16). On March 21, 2022, the Court struck McKinley's motion for default judgment as premature because the Clerk of Court has not yet entered default in this matter and "[e]ntry of a default is a prerequisite to entry of a *default judgment* under Rule 55(b)." *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985) (emphasis in original); *see also Enigwe v. Gainey*, No. 10-684, 2012 WL 213510, at *2 (E.D. Pa. Jan. 23, 2012) ("[A] default judgment under Rule 55(b) must be preceded by entry of a *default* under Rule 55(a).") (emphasis in original). (Doc. 17, at 2). In addition, the Court noted that, as no proof of service has been docketed, the Court determined it is unclear if service has been made in accordance with the Federal Rules of Civil Procedure and directed the Clerk of Court to re-serve a copy of the amended complaint. (Doc. 17, at 2). On March 28, 2022, Dr. Stanish filed a waiver of service. (Doc. 20). On May 27, 2022, Dr. Stanish filed the motion to dismiss, as well as a brief in support. (Doc. 23).

In the amended complaint, McKinley alleges Dr. Stanish violated his Eighth Amendment rights by failing to provide medical treatment despite McKinley's complaints that he was experiencing severe abdominal pain, a bad chemical taste in his mouth, severe headaches, nausea, dizziness, and vomiting. (Doc. 11, at 2). McKinley contends Dr. Stanish delayed proper treatment and failed to act with professional judgment, which promoted

McKinley to request proper scans and testing through inmate requests slips submitted to SCI-Frackville staff. (Doc. 11, at 3-4). As a result, McKinley claims he "experienced heightened anxiety, fear, tightness in his chest, muscle pain, inability to sleep, inability to eat, inability to drink, and inability to work." (Doc. 11, at 16).

On September 21, 2022, the Court granted Dr. Stanish's motion to dismiss and granted McKinley leave to file a second amended complaint to cure his pleading deficiencies on or before October 20, 2022. (Doc. 27; Doc. 28). Having received no second amended complaint, the Court issued an Order directed McKinley to show cause on or before November 24, 2022, as to why he failed to file a second amended complaint as directed in the Order dated September 21, 2022. (Doc. 29). In addition, the Court notified McKinley that unless good cause is shown, the action may be dismissed in its entirety. (Doc. 29). As of the date of this Memorandum, McKinley has failed to file a second amended complaint or to otherwise respond to the Court's Order.

## II. DISCUSSION

By failing to file an amended complaint or respond to the Court's Orders, it appears that McKinley has abandoned this action. McKinley's failure to comply with the Court's Orders "makes adjudication of the case impossible." See *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007); *see also Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (upholding the dismissal of a *pro se* plaintiff's complaint with prejudice for failure to amend his complaint); *Figueroa v. U.S.*, No. 1:13-cv-230, 2013 WL 4813369, at *2, *7 (M.D. Pa. Sept. 9, 2013) (dismissing a *pro se* plaintiff's complaint for failure to maintain an address with the court). Thus, the Court will dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

A. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *see also Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors"

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984).

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ." *Mindek*, 964 F.2d at 1373. No one factor is determinative and not all of the *Poulis* factors must be met to warrant dismissal. *Mindek*, 964 F.2d at 1373; *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead,

the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't*, 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing *Landon v. Hunt,* 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). In light of this framework, the Court finds that a careful assessment of the *Poulis* factors in the case at bar weighs heavily in favor of dismissing this action.

    B.  P<small>OULIS</small> F<small>ACTOR</small> A<small>NALYSIS</small>

    1. **Plaintiff's Personal Responsibility**

Looking to the *Poulis* factors, the Court finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to McKinley. Because McKinley is a *pro se* litigant, he is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (not precedential); *see also Emerson*, 296 F.3d at 191; *Winston v. Lindsey*, Civ. No. 09-224, 2011 WL 6000991, at *2 (W.D. Pa. Nov. 30, 2011) (concluding that a *pro se* litigant "bears all of the responsibility for any failure to prosecute his claims"). McKinley has failed to abide by Court Orders and neglected to litigate this case. Specifically, McKinley failed to file a second amended complaint despite being directed to do so by the Court. (Doc. 28, at 1; Doc. 29, at 1). Additionally, McKinley was specifically warned that his failure to file a second amended complaint or respond to the Court's Orders may result in the dismissal of this action. (Doc. 28, at 1; Doc. 29, at 1). As of

the date of this Memorandum, McKinley has failed to comply with either directive. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### 2. Prejudice to the Moving Party

As for the second *Poulis* factor, a finding of prejudice does not require "irremediable harm." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, the Court finds that McKinley's failure to respond to the Court's Orders has frustrated and delayed resolution of this action. Going forward, such failure to litigate would prejudice Dr. Stanish, who without timely responses by McKinley could not seek a timely resolution of the case. Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

### 3. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874; *see also Emerson*, 296 F.3d at 191 (per curium) (finding a history of dilatory conduct where the plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875. Here, McKinley has not only failed to respond to the Court's Orders, but the time to do so has passed and he has never filed a second amended complaint. (Doc. 28, at 1;

Doc. 29, at 1). McKinley has not communicated with the Court since he filed the brief in opposition to Dr. Stanish's motion to dismiss on June 27, 2022. (Doc. 26). Accordingly, McKinley's actions demonstrate a history of dilatoriness that weighs in favor of dismissal.

### 4. Willful Conduct or Bad Faith

The fourth *Poulis* factor requires the Court to consider whether McKinley's conduct reflects mere inadvertence or negligence, as opposed to "strategic," "intentional or self-serving behavior." *Adams*, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quotation omitted). Here, McKinley's failure to abide by multiple Orders by the Court and failure to file a second amended complaint "demonstrate[s] a willful disregard for procedural rules and court directives." *Gilyard v. Dauphin Cty. Work Release*, No. 10-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010). Thus, the fourth *Poulis* factor weighs in favor of dismissal.

### 5. Availability of Alternative Sanctions

The fifth *Poulis* factor examines the effectiveness of sanctions other than dismissal. 747 F.2d at 868. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Shehadeh], is proceeding *pro se*." *See Lopez,* 435 F. App' x at 116; *Emerson*, 296 F.3d at 191 (per curium); *Nowland v. Lucas,* No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Here, McKinley's status as a *pro se* litigant prevents this Court from sanctioning him or utilizing lesser alternative sanctions. Moreover, McKinley's

failure to respond to Court Orders leads to an inference that further orders to him would not be effective. Accordingly, the fifth *Poulis* factor weighs in favor of dismissal.

### 6. Meritoriousness of Plaintiff's Claims

The final *Poulis* factor enjoins the Court to consider the meritoriousness of McKinley 's claims. 747 F.2d at 868. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." *Poulis*, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citing *Poulis*, 747 F.2d at 869–70). Here, in granting Dr. Stanish's Rule 12(b)(6) motion to dismiss, the Court concluded that McKinley's complaint as stated failed to state a claim upon which relief may be granted. (Doc. 27, at 28). At this time, the Court is unable to determine the meritoriousness of McKinley's claims because he has not filed a second amended complaint as directed. Nevertheless, assuming for the sake of argument that McKinley's claims have merit, consideration of this factor cannot save his case because he is now wholly noncompliant with his obligations as a litigation. *See Silbermonn v. Veterans Admin. Med. Ctr.,* No. 1:20-CV-00393, 2021 WL 1705228, at *3 (M.D. Pa. Mar. 24, 2021), *report and recommendation adopted,* 2021 WL 1700351 (M.D. Pa. Apr. 29, 2021) (dismissing complaint for failure to prosecute where plaintiff failed to pay the required filing fee or respond to the Court's order to show case).

### 7. Balancing the *Poulis* factors

To reiterate, when weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. *Briscoe*, 538 F.3d at 263. Quite the contrary, the Court is guided by the Third Circuit's warning

that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222; *Mindek,* 964 F.2d at 1373. Here, on balance, the *Poulis* factors weigh heavily in favor of dismissal of this action for lack of prosecution. As it is apparent to the Court that McKinley has made no effort to prosecute his case as evidenced by his failure to file a second amended complaint or otherwise respond to the Court's Orders, McKinley's amended complaint will be dismissed for failure to prosecute. *See Silbermonn,* 2021 WL 1705228, at *3.

### III. RECOMMENDATION

Based on the foregoing, McKinley's amended complaint (Doc. 11) is **DISMISSED** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and the Clerk of Court is directed to **CLOSE** this case.

An appropriate Order follows.

BY THE COURT:

Dated: May 10, 2023

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**